UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES MITCHELL,**

        **Petitioner,**

**-vs-**                                                                   **Case No. 6:09-cv-310-Orl-19GJK**
                                                                                                (6:05-cr-197-Orl-19GJK)

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner James Mitchell (Doc. No. 1, filed Feb. 17, 2009); and

2. Amended Response in Opposition to Petitioner's Section 2255 Motion by Respondent United States of America (Doc. No. 16, filed Oct. 26, 2009).

## Background

On January 30, 2006, pursuant to a written plea agreement, Petitioner entered a plea of guilty before Magistrate Judge James G. Glazebrook to a charge of conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Criminal Case No. 6:05-cr-197-Orl-19GJK, Doc. No. 79, filed Jan. 30, 2006.)[1] Magistrate Judge Glazebrook entered a Report and Recommendation, recommending that the guilty plea be accepted and that Petitioner

---

[1] Criminal Case No. 6:05-cr-197-Orl-19GJK will be referred to as "Criminal Case."

be adjudicated guilty. (Criminal Case Doc. No. 82, filed Jan. 30, 2006.) On January 31, 2006, the Court adopted those recommendations. (Criminal Case Doc. No. 85, filed Jan. 31, 2006.) On September 15, 2006, the Court completed Petitioner's sentencing hearing and entered a judgment sentencing him to 100 months[2] of imprisonment to be followed by a five-year term of supervised release. (Criminal Case Doc. No. 157 at 2-3, filed Sept. 15, 2006.) Although Petitioner refused to sign the Acknowledgment of Right to Appeal Form, the Sentencing Court read and explained the Acknowledgment of Right to Appeal Form to Petitioner during the sentencing hearing. (Criminal Case Doc. No. 182 at 35-38, filed May 29, 2008.) Petitioner did not file a direct appeal.

On February 17, 2009, Petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting three grounds for relief: (1) the Court erred by failing to allow Petitioner to withdraw his guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Doc. No. 1 at 3); (2) his guilty plea was unknowing and involuntary because he had not been advised about supervised release and because he did not commit the offense (*id.* at 4); and (3) ineffective assistance of trial counsel for failure to explain "the whole case" to him (*id.* at 5). The Government filed an Amended Motion in Opposition to Petitioner's Section 2255 Motion. (Doc. No. 16.) On November 24, 2009, the Court entered an Order directing Petitioner to file a reply to the Government's Motion in Opposition within thirty days. (Doc. No. 18.) As of the date of this Order, Petitioner has not filed such a reply.

---

[2] On July 10, 2008, the Court *sua sponte* reduced Petitioner's term of imprisonment to 84 months pursuant to U.S. Sentencing Commission Amendments 706 and 711, which retroactively reduced the base offense levels of certain crack cocaine offenses. (Doc. No. 186, filed July 10, 2008.) None of Petitioner's collateral challenges concern this sentence reduction.

**Standard of Review**

**I.     Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2009). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**II.    Hearing**

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

The Government argues that Petitioner's Section 2255 Motion should be dismissed because it was not timely filed under the one-year limitation period set forth in 28 U.S.C. § 2255(f) (2010). (Doc. No. 16 at 5-6.) Pursuant to 28 U.S.C. § 2255(f), a Section 2255 Motion must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The second, third, and fourth statutory provisions do not apply here because Petitioner alleges no facts which, if true, would establish that the Government unlawfully prevented Petitioner from filing his Section 2255 Motion, that Petitioner seeks to retroactively apply a newly recognized right, or that there are newly discovered facts supporting Petitioner's claims. Thus, the Court turns to the first provision.

As set forth in Section 2255(f)(1), Petitioner had one year from the date on which his conviction became final to file a Section 2255 Motion. Petitioner's Judgment of Conviction was entered on September 15, 2006, and he did not file a direct appeal. His conviction became final on

September 29, 2006, when the ten-day time period for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (2006) (providing that a notice of appeal must be filed within ten days of the entry of judgment or the government's filing of a notice of appeal); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (noting that a conviction which is not appealed becomes final when the time allowed for filing an appeal expires). Therefore, Petitioner had through October 1, 2007, to file his Section 2255 Motion. 28 U.S.C. § 2255(f)(1); *see also* Fed. R. Civ. P. 6(a)(3) (noting that the last day of a period set by statute cannot be a Saturday, Sunday, or legal holiday).

A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed filed on the date that it was signed, executed, and delivered to prison officials. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Where there is no evidence in the record of when a petition was delivered to prison officials, the petition is deemed filed on the date that it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, there is no evidence in the record of when Petitioner's Section 2255 Motion was signed, executed, and delivered to prison officials,[3] and Petitioner did not sign[4] or date his Section 2255 Motion. (Doc. No. 1.) Thus, the Court cannot apply the rules set forth in *Adams* and *Washington* to determine when Petitioner's Section 2255 Motion was deemed filed.

In any case, Petitioner stated in his Section 2255 Motion that he had "previously filed" a motion in this Court on October 19, 2007. (Doc. No. 1 at 2.) This statement forecloses the

---

[3] However, Petitioner's Section 2255 Motion was filed erroneously with the Clerk of Court for the Northern District of Florida on February 6, 2009, and filed with this Court on February 17, 2009. (Doc. No. 1 at 1.)

[4] Not only did Petitioner fail to sign his Section 2255 Motion Form ("Form"), but he also failed to respond to Paragraph 18 of the Form, which directed Petitioner to explain why the one-year limitations period did not bar his Motion. (Doc. No. 1.)

possibility that Petitioner's Section 2255 Motion was filed on or before October 1, 2007. Petitioner waived any argument to the contrary by failing to sign and date his Section 2255 Motion in violation of Local Rule 4.14(a)[5] and by failing to file a reply opposing the Government's claim that his Section 2255 Motion was untimely filed. (Doc. No. 16 at 5-6.) Accordingly, Petitioner's Section 2255 Motion was not filed before the expiration of the one-year limitations period on October 1, 2007.

The Eleventh Circuit has held that the one-year limitations period may be equitably tolled when a petitioner's timely filing of a Section 2255 Motion is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). The burden is on the petitioner to show that he is entitled to this extraordinary relief. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). Petitioner does not allege that he is entitled to equitable tolling, and Petitioner alleges no facts explaining his failure to file the instant motion within the one-year limitations period. Thus, Petitioner is not entitled to relief from the one-year limitations period on the grounds of equitable tolling, and his Section 2255 Motion is time-barred.

---

[5] Local Rule 4.14(a) adopts the Rules Governing § 2255 Proceedings for the United States District Courts, which require that a Section 2255 Motion Form be signed and dated. *See* Rules Governing § 2255 Proceedings, Rule 2(b)(5) (requiring that the Form be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant); *id.*, Appendix of Forms, Instructions ¶¶ 4-5 (requiring the movant to sign the Form and to answer all questions on the Form).

**Conclusion**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner James Mitchell (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:05-cr-197-Orl-19GJK and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 190, filed Feb. 17, 2009) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.[6]

---

[6] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does
> (continued...)

Dated February 26, 2010 in Orlando, Florida.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

James Mitchell
Counsel of Record

---

(...continued)
    not extend the time to appeal.

Rules Governing § 2255 Proceedings, Rule 11.